Argued and submitted March 16, ballot title certified as modified April 20, 2000

Steven NOVICK,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S47228)

998 P2d 1262

Steven Novick, Portland, *pro se*, argued the cause and filed the petition.

Holly A. Vance, Assistant Attorney General, Salem, argued the cause and filed the answering memorandum for respondent. With her on the memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, and Gillette, Durham, Kulongoski, and Leeson, Justices.*

DURHAM, J.

---

* Van Hoomissen and Riggs, JJ., did not participate in the consideration or decision of this case.

## DURHAM, J.

■ This is a ballot title review proceeding under ORS 250.085(2). The Attorney General certified a ballot title, which we quote below, for Initiative Petition 113 (2000). Petitioner is an elector who timely submitted written comments regarding the Attorney General's draft ballot title and who, therefore, is entitled to seek review under ORS 250.085(2). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035 (1997).[1] ORS 250.085(5). For the reasons that follow, we modify the Attorney General's ballot title.

If approved, Initiative Petition 113 would add the following provision to the Oregon Constitution:

"Section _____. Lower and middle class taxpayers shall not be denied a voter approved tax break because the tax break also benefits other taxpayers. A measure which give [*sic*] a tax break to lower income and/or middle class taxpayers shall not be superceded[2] or invalidated in any way by a measure that limits or prohibits certain tax breaks for a class of taxpayers."

For that proposed constitutional amendment, the Attorney General certified the following ballot title:

"AMENDS CONSTITUTION: PROHIBITS DENYING
CERTAIN VOTER-APPROVED, LOWER-,
MIDDLE-CLASS TAX BREAKS

---

[1] The 1999 Legislature amended ORS 250.035 (1997) in several respects. Or Laws 1999, ch 793, § 1. However, section 3 of that 1999 enactment provides, in part:

"(1) The amendments to ORS 250.035 by section 1 of this 1999 Act do not apply to any ballot title prepared for:

"(a) Any initiative petition that, if filed with the Secretary of State with the required number of signatures of qualified electors, will be submitted to the people at the general election held on the first Tuesday after the first Monday in November 2000[.]"

The present proposed measure is one of those to which the 1999 act does not apply. We therefore apply the pertinent provisions of ORS 250.035 (1997).

[2] The dictionary lists "supercede" as a variation on the preferred spelling of the term "supersede." *Webster's Third New Int'l Dictionary*, 2293 (unabridged ed 1993).

"RESULT OF 'YES' VOTE: 'Yes' vote prohibits denying lower- and middle-class taxpayers certain voter-approved tax breaks.

"RESULT OF 'NO' VOTE: 'No' vote leaves constitution without provision prohibiting denial of certain lower-, middle-class tax breaks.

"SUMMARY: Amends constitution. The Oregon Constitution currently says nothing about denying to lower- and middle-class taxpayers tax breaks that also benefit other taxpayers. The measure would prohibit denying lower- and middle-class taxpayers a voter-approved tax break because that tax break also benefits other taxpayers. Under this measure, a measure that gives a tax break to lower- and/or middle-class taxpayers shall not be superceded or invalidated by a measure that limits certain tax breaks for a class of taxpayers."

ORS 250.035 (1997) requires that a ballot title for an initiative amendment to the Oregon Constitution satisfy the following criteria, among others. The ballot title caption must contain not more than 10 words, not including the words "Amends Constitution," that "reasonably identif[y] the subject matter" of the proposed constitutional amendment. ORS 250.035(2)(a) (1997). The "yes" vote result statement must contain a "simple and understandable statement of not more than 15 words that describes the result" if the voters approve the proposed constitutional amendment. ORS 250.035(2)(b) (1997). The "no" vote result statement must contain a "simple and understandable statement of not more than 15 words that describes the result" if the voters reject the proposed constitutional amendment. ORS 250.035(2)(c) (1997). Finally, the summary must contain a "concise and impartial statement of not more than 85 words summarizing the measure and its major effect." ORS 250.035(2)(d) (1997).

Petitioner asserts that each segment of the Attorney General's ballot title suffers from a similar defect. He contends that the ballot title is misleading because it suggests, incorrectly, that the measure simply protects undefined voter-approved "tax breaks" for "lower class," "lower income," and "middle class" taxpayers.[3] According to petitioner, the

---

[3] The measure does not define several terms that it uses, including "tax break," "lower class," "lower income," "middle class," and a "class of taxpayers." The court's

measure in fact protects tax breaks for those groups only if either of two other conditions also exists. First, the tax break measure also must purport to benefit "other" taxpayers, including but not limited to "upper" class taxpayers. Second, and in the alternative, a measure that limits or prohibits a tax break for a "class" of taxpayers, which petitioner defines to include but not be limited to "upper class" or "higher income" taxpayers, also must purport to supersede or invalidate a measure giving a tax break to "lower income and/or middle class taxpayers." Petitioner argues that the Attorney General's failure to disclose the fact that the measure effectively protects tax breaks for upper class taxpayers is a fundamental error. He contends that the Attorney General's ballot title fails to disclose the true subject of the measure because it incorrectly portrays the measure merely as a plebiscite on protecting tax breaks for lower and middle class taxpayers.

The Attorney General acknowledges that the measure protects voter-approved tax breaks for lower and middle class taxpayers if they also benefit "other taxpayers." However, the Attorney General contends that the phrase "other taxpayers" in the measure is ambiguous in this context and does not justify singling out "upper class" taxpayers as the benefitted class, as petitioner suggests. The Attorney General also argues that other ambiguities in the measure, such as the meaning of the undefined phrase "tax break," and applicable statutory word limits prevent explaining in a neutral manner the beneficial effect of the measure on wealthier taxpayers.

This court recently observed that the drafter of a measure may not incorporate "politically inflated terms or phrases in the text of the measure in order to advance its passage." *Earls v. Myers*, 330 Or 171, 999 P2d 1134 (2000). We also have stated that the court will not hesitate to look beyond the words of a measure if the words obfuscate the

---

use in this opinion of classification terminology that appears in the measure, such as the references to the class and income level of taxpayers, is not an endorsement by the court of the lawfulness of those classifications.

subject, chief purpose, summary, or major effect of the measure. *Bernard v. Keisling*, 317 Or 591, 596-97, 858 P2d 1309 (1993).

■      With those principles in mind, we turn first to the question whether the Attorney General's caption adequately identifies the subject matter of the measure. We determine whether a caption states the subject matter of a proposed initiative measure by examining the text of the measure itself. *Dirks v. Myers*, 329 Or 608, 614, 993 P2d 806 (2000).

The measure contains two sentences. We analyze each sentence separately. The first sentence addresses a particular subject: a "voter approved tax break." The sentence purports to preserve or protect that kind of tax break, for the benefit of lower and middle class taxpayers, "because" the tax break also benefits other taxpayers. The dictionary provides the following pertinent definitions of the word "because":

> "SINCE: for the reason that: on account of the cause that—used to introduce dependent clauses * * * on account of being * * *."

*Webster's Third New Int'l Dictionary*, 194 (unabridged ed 1993). Those definitions indicate that, in this context, the word "because" means "for the reason that" or "on account of the cause that." The first sentence of the measure protects a tax break for lower and middle class taxpayers for the reason or on account of the cause that the tax break also benefits other taxpayers. The protection of tax breaks for lower and middle class taxpayers that that sentence describes takes effect only if, or on condition that, "the tax break also benefits other taxpayers."

That raises an important question: Who are the "other taxpayers" to whom the first sentence refers? Petitioner contends that that phrase refers to "upper class" taxpayers. The Attorney General acknowledges that that is a plausible reading, but argues that the phrase "other taxpayers" also could include other classes or subgroups of taxpayers that fall outside the "lower" and "middle" classes, such as "upper middle" class taxpayers.

Petitioner also argues that "other taxpayers" refers to higher income or wealthier taxpayers. We need not address that question here because the first sentence of the measure uses no explicit reference to a taxpayer's income or wealth. The second sentence of the measure does refer to an income-related classification, *viz.*, "*lower income* and/or middle class taxpayers." (Emphasis added.) For purposes of our review of the ballot title, we focus on the references in the measure to a taxpayer's "class," because the measure consistently classifies taxpayers by their class in each of the sentences in the measure.

The phrase "other taxpayers," standing alone, is somewhat imprecise, but we can discern its meaning. The measure uses that phrase to identify, by descriptive contrast, those taxpayers who are not "lower class" or "middle class" taxpayers. In view of the three-part classification of taxpayers that the first sentence creates, the phrase "other taxpayers" refers to taxpayers who, in a comparative sense, fall into a higher class than those to whom the other more definite class labels apply. The foregoing analysis of the first sentence of the measure indicates that that sentence preserves a tax break that benefits lower and middle class taxpayers if the tax break also benefits upper class taxpayers.

The second sentence of the measure has a different function. The second sentence purports to protect the efficacy of one kind of measure, *i.e.*, a measure that gives a tax break to lower income and/or middle class taxpayers, from invalidation by a measure that purports to limit or prohibit "certain tax breaks for a class of taxpayers."

Several features of the second sentence are significant. The term "measure" appears twice in the second sentence. However, no term or phrase qualifies or limits the term "measure" to include only a measure that the voters approve. Therefore, in contrast with the phrasing that appears in the first sentence of the measure, *i.e.*, "voter approved tax break," the references to "measure" in the second sentence might not confine the coverage of the initiative petition to voter-approved laws; it might include laws created

by initiative or referendum and by conventional legislative lawmaking. Because the second sentence of the initiative petition might apply to legislative measures as well as to those that voters approve, the Attorney General's caption errs in stating that the subject matter of the initiative petition is tax breaks that are approved by voters.

The first clause of the second sentence describes the kind of measure that the initiative petition would protect as one that gives "a tax break to lower income and/or middle class taxpayers * * *." The last clause of the second sentence describes the kind of measure against which the initiative petition's protection would operate: "[A] measure that limits or prohibits certain tax breaks for a class of taxpayers." In contrast with the first sentence of the measure, the second sentence does not use the phrase "a class of taxpayers" to establish a descriptive comparison with the other more explicit categorizations of taxpayers by class and income that appear in the sentence. Instead, "a class of taxpayers" means *any* class of taxpayers. The second sentence focuses its protection against measures that limit or prohibit certain tax breaks for any class of taxpayers, including lower, middle, and upper class taxpayers.

■■ The foregoing discussion of the subject matter of the measure exposes deficiencies in the Attorney General's caption. The Attorney General's caption indicates that the measure protects "lower" and "middle class" tax breaks. However, the Attorney General's caption stops at that point and fails to refer in any way to the practical protection that the measure affords for tax breaks that benefit upper class taxpayers. The Attorney General's caption also errs in stating that the measure only protects "voter-approved" tax breaks. The second sentence of the initiative petition might not limit its protection to voter-approved tax break measures. Because the Attorney General's caption does not identify the subject matter of the measure accurately, it does not comply substantially with ORS 250.035(2)(a) (1997) and requires modification. To remedy the deficiencies noted above, we modify the caption as follows:

## AMENDS CONSTITUTION: PRESERVES CERTAIN TAX BREAKS IF UPPER CLASS, OTHER TAXPAYERS BENEFIT

Petitioner contends that the Attorney General's "yes" and "no" vote result statements convey the same misleading message that we have discussed above in connection with the caption. We agree. The Attorney General's result statements fail to disclose that enacting or rejecting the measure will affect the tax breaks of classes of taxpayers other than those in the lower and middle classes. Because the Attorney General's result statements are misleading and likely will confuse voters, we modify those statements as follows:

RESULT OF "YES" VOTE: "Yes" vote preserves certain tax breaks if upper class, other taxpayer classes benefit.

RESULT OF "NO" VOTE: "No" vote leaves Constitution without provision preserving tax breaks if upper class, other taxpayers benefit.

Finally, petitioner contends that the summary suffers from the same defect that we have discussed above. He asserts that a major effect of the measure "will be to protect tax breaks benefitting upper-class taxpayers" and that the summary must disclose that major effect. The Attorney General responds that he prefers to avoid the debate about what the phrase "other taxpayers" means. As a result, the Attorney General's summary quotes the indefinite classifications set forth in the measure.

The summary of a ballot title must contain a concise and impartial statement that summarizes the measure and its major effect. ORS 250.035(2)(d) (1997). Repeating a measure's terms in the summary may be appropriate as long as the resulting summary satisfies ORS 250.035(2)(d) (1997). We recognize, however, that merely repeating the terms of a measure—particularly ambiguous terms—might fail to summarize either the measure or its major effect.

Applying the principles of *Bernard* and *Earls* here, we conclude that the Attorney General's summary does not comply substantially with ORS 250.035(2)(d) (1997), because

the repetition in the first and second sentences of the summary of the indefinite label, "other taxpayers," from the first sentence of the measure fails to disclose the protection that that sentence would create for tax breaks benefitting upper class taxpayers. Additionally, we must modify the last sentence of the summary to indicate that the second sentence of the measure concerns measures that purport to limit certain tax breaks for *any* class of taxpayers. Accordingly we modify the summary as follows:

SUMMARY: Amends Constitution. The Oregon Constitution currently says nothing about preserving tax breaks if upper class, other classes of taxpayers would benefit. The measure would preserve voter-approved tax breaks, for lower and middle class taxpayers, if upper class taxpayers also would benefit. Additionally, a measure that gives a tax break to lower and/or middle class taxpayers shall not be superseded or invalidated by a measure that limits certain tax breaks for any class of taxpayers.

We certify to the Secretary of State the following ballot title for Initiative Petition 113:

AMENDS CONSTITUTION: PRESERVES CERTAIN
TAX BREAKS IF UPPER CLASS, OTHER
TAXPAYERS BENEFIT

RESULT OF "YES" VOTE: "Yes" vote preserves certain tax breaks if upper class, other taxpayer classes benefit.

RESULT OF "NO" VOTE: "No" vote leaves Constitution without provision preserving tax breaks if upper class, other taxpayers benefit.

SUMMARY: Amends Constitution. The Oregon Constitution currently says nothing about preserving tax breaks if upper class, other classes of taxpayers would benefit. The measure would preserve voter-approved tax breaks, for lower and middle class taxpayers, if upper class taxpayers also would benefit. Additionally, a measure that gives a tax break to lower and/or middle class taxpayers shall not be superseded or invalidated by a measure that limits certain tax breaks for any class of taxpayers.

Ballot title certified as modified. This decision shall become effective in accordance with ORAP 11.30(10).